**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DENESE FRIENDS-SMILEY, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 16-cv-5646 ) ) Judge Ronald A. Guzmán |
| THE CITY OF CHICAGO, et al., | ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION & ORDER

Defendants' motion to dismiss [19] is granted in part. Count IX (malicious prosecution) stands. Count VIII (IIED) is dismissed as time barred. Furthermore, because one of Plaintiffs' amended complaints is duplicative [6], it is stricken.

## STATEMENT[1]

Plaintiff Denese Friends-Smiley ("Mrs. Smiley") claims that on June 9, 2014, she was sitting at home with her two children, niece, and nephew, when defendant Chicago Police officers Zeyad Matlock, Gino Antoniazzi, Gabriel Campos, Donnel Crenshaw, and Jeffery Mayer (collectively "Defendants") unjustifiably invaded her house, in search of a suspected drug dealer. (Compl. at 2-3.) Defendants knocked on the door and asked Mrs. Smiley's younger daughter, Jada, whether they could search the home, but she denied their request. (*Id.* ¶¶ 10-12.) Soon after, Defendants broke into the Smileys' basement — without identifying themselves — and proceeded to "manhandle" Mrs. Smiley when she attempted to stop them, despite the braces she was wearing on her arms and legs (due to a recent car accident). (*Id.* ¶¶ 18-33.)

---

[1] The following facts are taken from Plaintiffs' amended complaints, [Dkt. #'s 5, 6]. Both complaints are identical.

Upon hearing the commotion, Jada ran downstairs to assist her mother, but she was beaten by Defendants and tazed by Officer Matlock. (*Id.* ¶¶ 35-45.) (Defendants also threatened to taze the minor children present, *id.* ¶ 54.) Mrs. Smiley and Jada were then handcuffed to a single chair in a painful position while Defendants proceeded to berate them with offensive language, threatened to shoot their dog, and pointed a gun at Mrs. Smiley's niece, Micheaux. (*Id.* ¶¶ 45-57.)

Once everyone was secured, Defendants conducted an unauthorized search of the residence. (*Id.* ¶ 58.) The search was ultimately unfruitful, though, and the suspect was caught elsewhere. (*Id.* ¶¶ 59-60.) Accordingly, Defendants promptly left the Smiley house upon being informed of the suspect's arrest, leaving Mrs. Smiley and Jada still handcuffed to the chair. (*Id.* ¶ 60.) But this was not the end of the ordeal for the two: after the police took them to the hospital for their injuries, Mrs. Smiley and Jada were brought the police station and charged with resisting arrest, obstructing a peace officer, and battery. (*Id.* ¶¶ 61-64.) Those charges were eventually dismissed, however, thus prompting the instant lawsuit. (*Id.*)

## **ANALYSIS**

The operative complaint alleges myriad misconduct on behalf of Defendants, such as Fourth Amendment violations, excessive force, and false arrest. But only two of the claims are pertinent to the instant motion: Plaintiffs' state law claims for malicious prosecution and intentional infliction of emotional distress ("IIED"). Defendants contend both are time barred by Illinois' statute of limitations, which generally requires tort claims against police officers to be brought within one year of their accrual. *See* Ill. Comp. Stat. § 10/8-101(a). The Court will address each count in turn.

## I. Malicious Prosecution

Defendants first contend that Plaintiffs' malicious prosecution claim is untimely because the prosecutor struck the charges against them with leave to reinstate on May 20, 2015, whereas this case was filed on May 26, 2016 — five days after the 1-year limitations period. Defendants are right about the facts, but miss the mark with respect to the accrual date.

A cause of action for malicious prosecution does not accrue until the criminal proceeding on which it is based has been terminated in the accused's favor. *Ferguson v City of Chi.*, 820 N.E.2d 455, 650 (Ill. 2004). However, merely striking a charge with leave to reinstate does not itself constitute a favorable termination. *Id*. Rather, a malicious prosecution predicated on "nonsuited charges" accrues when the state is precluded from seeking reinstatement, which is marked by either the statute of limitations for that charge or the expiration of the statutory speedy-trial period (after a demand for trial has been made). *Id.; see also* 725 Ill. Comp. Stat. 5/103-5(b) (instituting a 160-day period). In that respect, the complaint does not specifically allege if or when a demand for trial was made, but in any case, the Court need not reach that issue because Defendants have since "conced[ed] at this time" that Plaintiffs' malicious prosecution claim is timely. (Defs.' Reply [Dkt. # 26] at 3.)

## II. IIED

Defendants similarly urge that Plaintiffs' IIED claim is untimely. On this score, they are on solid ground. The Seventh Circuit has broadly held "that a claim of intentional infliction of emotional distress in the course of arrest and prosecution accrues on the date of arrest." *Bridewell v. Eberle,* 730 F.3d 672, 678 (7th Cir. 2013) (citation omitted). Here, Plaintiffs were arrested on June 9, 2014, which means their IIED should have been filed no later than June 9, 2015 to be timely.

Nonetheless, Plaintiffs contend that *Bridewell* is distinguishable because (1) their present claim for IIED "incorporates" the same facts as their malicious prosecution claim (Defendants' filing of baseless charges, among other things), and (2) Defendants' actions were a "continuous course of conduct." (Pls.' Br. [Dkt. # 24] at 5.) But *Bridewell*'s holding was general — not fact intensive — and courts in this district have consistently applied *Bridewell* broadly, holding that IIED claims of this sort accrue on the day of arrest, even where the distress alleged is "intertwined" with a claim for malicious prosecution. *See, e.g., Phillips v. City of Chi.*, No. 14 C 9372, 2015 WL 5675529, at *7 (N.D. Ill. Sept. 24, 2015); *Chatman v. City of Chi.,* 2015 WL 1090965, *9 (N.D. Ill. Mar. 10, 2015); *Hill v. City of Chi.,* 2014 WL 1978407, *3 (N.D. Ill. May 14, 2014); *Bamberg v. City of Evanston,* 2014 WL 1612710, *4 (N.D. Ill. Apr. 16, 2014). Moreover, to the extent that Plaintiffs attempt to characterize Defendants' actions a "continuing tort" for limitations purposes, that route is similarly foreclosed for IIED claims. *See Bridewell*, 730 F.3d at 678 (stating that "the tort of intentional infliction of emotional distress either is a continuing wrong (as [plaintiff] contends) or is not (as *Evans* held)," and ultimately holding that it is not). For these reasons, Plaintiffs IIED claim is time barred.[2]

---

[2] *Bridewell* appears to have left open the possibility that a new IIED claim could arise based on events after an initial injury, where there is an allegation that the defendants acted with a "freshly formed intention to cause emotional distress." *Id.* ("Even if we were to suppose that a new claim [for IIED] could in principle be based on events after the initial injury, Bridewell's claim would fail because she does not contend that the detectives' ongoing failure to alert the prosecutor to the potential shortcomings in the evidence was motivated by a freshly formed intention to cause emotional distress."). Yet even if this were a cognizable theory for IIED claims, Plaintiffs do not allege that Defendants' misconduct (or intent to cause distress) extended beyond the initial arrest, which means the IIED claim accrued on that day.

## **CONCLUSION**

For the reasons set forth above, Defendants' motion to dismiss [19] is granted in part. Count IX (malicious prosecution) stands. Count VIII (IIED) is dismissed as time barred. Furthermore, because one of Plaintiffs' amended complaints is duplicative [6], it is stricken.

**SO ORDERED.**                                **ENTERED: October 19, 2016**

**HON. RONALD A. GUZMÁN**
**United States District Judge**